

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 8, 1958

Mr. Frank Scofield                    Opinion No. WW-488
Chairman
Livestock Sanitary Commission    Re: May the Livestock Sani-
Fort Worth, Texas                     tary Commission, under the
                                      appropriation made by the
                                      55th Legislature, employ
                                      and designate inspectors
                                      as supervisors, and related
Dear Mr. Scofield:                    questions.

        In your letter of July 10, you asked if, in our
opinion, the Livestock Sanitary Commission could employ person-
nel under the appropriation for "Supervising Inspectors" when
such personnel would not supervise additional men, but would
"give complete supervision of several counties in such speci-
fied districts where they work". As we interpret your request,
you asked to be advised if the Commission may assign "Super-
vising Inspectors" (paid not to exceed the applicable salary
schedule) duties other than that of supervising employees of
the Commission.

        The pertinent provisions of House Bill 133, Acts of
55th Legislature, Chapter 385 (General Appropriations Act)
contain the following appropriation to the Livestock Sanitary
Commission:

                          "For the Years Ending
                          August 31,   August 31,
                             1958         1959

        " . . .

        "12.  For the eradica-
              tion or control
              of any contagious,
              infectious, or com-
              municable diseases
              of animals or live
              poultry, excluding
              indemnities _____$250,000   $  250,000
                                          Plus Unexpend-
                                          ed Balance

"13. For brucellosis
eradication and con-
trol where livestock
owners voluntarily
pay half the costs,
there is hereby ap-
propriated as the
State's share thereof,
the sum of _____ 100,000     125,000
                                                      Plus Unexpend-
                                                      ed Balance

"14. For the payment of
indemnities as pro-
vided in general law    15,000      15,000

        Grand Total, Live-
        stock Sanitary
        Commission _____ $459,860   $ 490,860

"The appropriation made to the Livestock Sani-
tary Commission in Items 12 and 13 may be expended
for personal services subject to the limitations
hereinafter specified, and for professional fees;
for laboratory tests, vaccines, supplies and mate-
rials including those for veterinary purposes; rent,
telephone, telegraph, postage, and freight or ex-
press charges; equipment, the operation, maintenance,
and replacement of trucks, and travel expense.
(Emphasis added)

"None of the moneys appropriated in Item 13
may be expended for brucellosis eradication or con-
trol unless and until the Livestock Sanitary Commis-
sion has entered into agreements as authorized by law
with livestock associations or owners, or local and
federal governments, which agreements shall stipulate
that costs paid by the State for brucellosis inspec-
tions, vaccines, or control measures shall not exceed
fifty per cent of the total costs thereof. Such
agreements shall be filed with the Comptroller prior
to the disbursement of any moneys for brucellosis
eradication and control from any of the appropriations
herein made to the Livestock Sanitary Commission.

"It is further provided that none of the moneys
appropriated in Items 12 and 13 may be expended for
employees of the Livestock Sanitary Commission except

in the positions and at salaries not to
exceed the annual rates specified as follows:

Supervising Inspectors, NTE _____$3,900
Inspectors, NTE _____ 3,300
. . . . .                                . . ."

It will be noted that the provisions after Item
14 authorize the Commission to expend the funds enumerated in
Items 12 and 13 for "personal services". The third paragraph
reveals the intent of the Legislature to authorize the Com-
mission to use portions of such funds for paying employees an
amount not to exceed the stated sums. There is no provision
in the Appropriation Act indicating how many such employees
may be hired, nor are the exact duties of such personnel
specified.

The duties of the Livestock Sanitary Commission are
set forth in the Penal Code, and include many duties to be
performed by inspectors. For example, Article 1525a of Ver-
non's Penal Code, in Section 1,authorizes the Commission to
direct cattle or sheep owners to dip their livestock. Sections
6 and 10 specify such dipping is to be done under the "super-
vision of an authorized inspector" of the Commission. Section
9 imposes the same duties insofar as they pertain to goats.
Section 17 provides for the supervision of disinfecting of cor-
rals and pens, and Section 18 provides for similar supervision
when owners refuse or fail to dip their livestock. Section
20 reads in part as follows:

". . . salaries of local County Inspectors to
be paid by the County, but salaries of the said
Chief Inspector and District Supervising Inspectors
to be paid by the State."

The same general scheme is evidenced in Articles 1525b,
1525c, 1525d, and 1525f of Vernon's Penal Code. Such provi-
sions reveal a Legislative intent that persons employed by the
Livestock Sanitary Commission for such inspection and super-
visory work, and who are paid by the State, are properly con-
sidered as filling a supervisory position. Furthermore we
feel the Commission has implied authority to so designate
certain of its personnel, and to assign their duties.

"Implied powers. -- It is equally well settled
however, that a law which confers a power or imposes
a duty upon an officer or board carries with it by
implication the authority to do such things as are

reasonably necessary to carry into effect the power granted or the duty imposed.  Thus power to do certain work or to accomplish a certain result which cannot otherwise be accomplished, implies the authority to employ such agents as may be reasonably necessary to accomplish the work or purpose specified, and to engage them for such length of time as is reasonably neces- sary."  34 Tex.Jur. 444, Public Officers, Section 68.

The Livestock Sanitary Commission is authorized to employ personnel as "supervising inspectors" and to assign such persons to carry out the duties imposed upon the Commis- sion as they may pertain to the "complete supervision" of the work in several counties, including inspection of livestock and facilities, and to pay them the amount provided in the current Appropriation Act for "supervising inspectors".  It is not obligatory that the duties of such personnel be confined to the supervision of other employees.

## SUMMARY

The livestock Sanitary Commission, under its appropriation made by the 55th Legislature, may employ and designate personnel as "super- vising inspectors" though their duties are not limited to the supervision of other Commission employees.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling

Tom I. McFarling
Assistant

TIM:br:mg

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Henry G. Braswell
L. P. Lollar
Wayland C. Rivers, Jr.
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert